UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| BRAXTON CHEYANNE GARCIA, | Case No. 3:21-cv-00220-MMD-WGC |
|---|---|
| Petitioner, | ORDER |
| v. | |
| WASHOE COUNTY NEVADA, *et al.*, | |
| Respondents. | |

This habeas matter is before the Court on *pro se* Petitioner Braxton Cheyanne Garcia's Application to Proceed *In Forma Pauperis* (ECF No. 1) and for an initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court orders Garcia to show cause in writing within 30 days as to why this action should not be dismissed without prejudice for failure to exhaust his claims in state court.[2]

Garcia challenges a conviction and sentence imposed by the Second Judicial District Court for Washoe County ("state court").[3] Garcia's petition indicates that he pled guilty to one count of child abuse with intent to cause substantial bodily harm. (ECF No. 1-1 at 1.) Garcia represents that his judgment of conviction was entered on April 22, 2021 and that he was sentenced to 30 to 160 months. (*Id.*) Garcia further represents that he did not file an appeal to the Nevada appellate courts regarding his conviction and has not

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] Garcia has also filed a motion for appointment of counsel, which the Court defers consideration of until after he has responded to the order to show cause.

[3] The Court takes judicial notice of the online docket records of the Second Judicial District Court and Nevada appellate courts, which may be accessed by the public online at: http://www.washoecourts.com and www.caseinfo.nvsupremecourt.us/public/caseSearch.do

previously filed any petitions, applications, or motions with respect to this judgment in any state or federal court. (*Id.*)

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule requires courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Here, it appears likely that Garcia's petition is wholly unexhausted in state court and is subject to dismissal without prejudice. A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims.")). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *See O'Sullivan*, 526 U.S. at 844-45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

Petitioner was sentenced by the state court on April 2021, less than three months ago. The petition concedes that he has not filed a direct appeal or initiated a state habeas action. Thus, it is virtually certain that he has not exhausted any federal constitutional claim relative to his judgment of conviction, and that this federal habeas corpus action is premature. Accordingly, Petitioner will be required to show cause why this action should not be dismissed because of his failure to exhaust any claim in state court.

It is therefore ordered that Petitioner must file within 45 days of the date of this order, a "Response to Order to Show Cause," in writing, showing cause why this action should not be dismissed without prejudice based on his failure to exhaust his claims in Nevada Courts. Petitioner's response must be factually detailed, and, where possible, supported by exhibits.

If Petitioner fails to timely and fully comply with this order, the Court will dismiss this action without prejudice and without further advance notice.

DATED THIS 12th Day of July 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE