UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| BRAXTON CHEYANNE GARCIA, | Case No. 3:21-cv-00220-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| WASHOE COUNTY NEVADA, *et al.*, | |
| Respondents. | |

This habeas matter is before the Court on Petitioner Braxton Cheyanne Garcia's Response (ECF No. 6) ("Response") to the Court's Order to Show Cause (ECF No. 5) as well as his Motion for Appointment of Counsel (ECF No. 1-2).

Garcia challenges a conviction and sentence imposed by the Second Judicial District Court for Washoe County.[1] Garcia's petition indicates that he pled guilty to one count of child abuse with intent to cause substantial bodily harm. (ECF No. 1-1 at 1.) Garcia represents that his judgment of conviction was entered on April 22, 2021 and that he was sentenced to 30 to 160 months. (*Id.*)

On May 12, 2021, Garcia initiated this habeas matter. (ECF No. 1.) Garcia further represents that he did not file an appeal to the Nevada appellate courts regarding his conviction and has not previously filed any petitions, applications, or motions with respect to this judgment in any state or federal court. (*Id.*) Given these facts, the Court ordered Garcia to show cause why this action should not be dismissed as unexhausted. (ECF No. 5.) In his Response, Garcia provides that he was not aware that he had to file in state court. He further indicates that he has filed a petition for writ of mandamus in state district

---

[1] The Court takes judicial notice of the online docket records of the Second Judicial District Court and Nevada appellate courts, which may be accessed by the public online at: http://www.washoecourts.com and www.caseinfo.nvsupremecourt.us/public/caseSearch.do

court, which he also attached to his federal habeas petition. (ECF No. 6 at 2; *see also* ECF No. 1-1 at 13.)

The Court finds that Garcia's petition is subject to immediate dismissal because it is completely unexhausted. Pursuant to 28 U.S.C. § 2254(b)(1)(A), a state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *See O'Sullivan*, 526 U.S. at 844-45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). A petition that is completely unexhausted is subject to immediate dismissal without further advisements or proceedings. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Garicia alleges that his due process rights were violated and the district court failed to resolve his case in a timely manner. (ECF No. 1-1.) Garcia further alleges that his trial counsel waived his rights without his consent. (ECF No. 5 at 3.) Garcia acknowledges that he has not raised any claims on direct appeal. To the extent Garcia raises ineffective assistance of counsel ("IAC") claims, he has not raised them in a state petition for writ of habeas corpus seeking post-conviction relief. The Nevada Supreme Court has affirmed that "[IAC] claims are properly raised for the first time in a timely first post-conviction petition." *Pellegrini v. State*, 34 P.3d 519, 534 (Nev. 2001). Other than his lack of legal knowledge, he provides no reason for failing to exhaust his claims through direct appeal

or state habeas proceedings. Garcia brings a federal habeas petition without ever presenting his habeas claims to Nevada courts.[2]

To the extent Garcia attempts to file a writ of mandamus against the State of Nevada or Second Judicial District Court seeking to overturn a judgment of conviction entered in Nevada State district court, a federal district court does not have jurisdiction over an action brought against the State of Nevada or the Second Judicial District Court. Garcia may not proceed directly against the State of Nevada or an arm of the State—such as the state district court—in federal court due to the state sovereign immunity recognized by the Eleventh Amendment. *See, e.g.*, *O'Connor v. State of Nevada*, 686 F.2d 749 (9th Cir. 1982) (state district court). State sovereign immunity bars an action against the state or an arm of the state in federal court regardless of the relief sought. *See e.g.*, *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).

In addition, a federal district court does not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, prohibition, and/or an exercise of supervisory jurisdiction. *See, e.g.*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003); *see also Demos v. United States District Court*, 925 F.2d 1160, 1161 (9th Cir. 1991) (finding that a federal court of appeals did not have jurisdiction to issue a writ of mandamus to a state court).

It is therefore ordered that Petitioner Braxton Cheyanne Garcia's Petition for Writ of Habeas Corpus (ECF No. 1-1) is denied without prejudice.

It is further ordered that a certificate of appealability is denied as jurists of reason would not find the Court's dismissal of the petition as completely unexhausted to be debatable or wrong.

It is further ordered that Petitioner's Motion for Appointment of Counsel (ECF No. 1-2) is denied as moot.

---

[2]The Court notes that federal habeas petitions are subject to a one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1). Petitioner remains responsible for becoming familiar with the limitations period.

1   It is further ordered that under to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and informally serve the Nevada Attorney General by directing a notice of electronic filing of this order to his office. No response is required from Respondents other than to respond to any orders of a reviewing court.

The Clerk of Court is directed to enter final judgment accordingly, dismissing this action without prejudice, and close this case.

DATED THIS 21st Day of September 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE